| | | | |
|---|---|---|---|
| AUSA: | Diane Princ | Telephone: | (313) 226-9100 |
| Special Agent: | Paul Staso | Telephone: | (313) 965-2323 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.

Christopher Andre CRUMBLE

Case No. 
Case: 2:21−mj−30554
Assigned To : Unassigned
Assign. Date : 11/19/2021
Description: CMP USA v. SEALED MATTER (SO)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 11, 2021__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Paul Staso - FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: November 19, 2021

_____
Judge's signature

City and state: Detroit, Michigan

Honorable Jonathan J.C. Grey, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Paul J Staso, being first duly sworn, hereby depose and state as follows:

## Introduction and Background

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since March of 2020. I am currently assigned to the FBI Detroit Division Violent Crime Task Force ("VCTF"). As an FBI Special Agent, I have conducted or assisted in numerous investigations of federal and state violations, including crimes of violence and firearms.

2. The statements contained in this Affidavit are based on my experience and background as an FBI Special Agent and on information provided by police officers, other agents of the FBI, and other law enforcement personnel, as well as communications with others who have personal knowledge of the events and circumstances described herein.

3. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

4. I am currently investigating Christopher Andre CRUMBLE, date of birth xx/xx/1987, for violations of federal law, including felon in possession of firearms/ammunition, in violation of 18 U.S.C. § 922(g)(1).

1

5. I have conducted a computerized criminal history check (CCH) for CRUMBLE, which revealed that CRUMBLE was convicted of the following felony offense in the 3rd Circuit Court of Michigan in June 2019:

  - CONTROLLED SUBSTANCE-POSSESS (COCAINE, HEROIN OR ANOTHER NARCOTIC) LESS THAN 25 GRAMS (MCL 333.74032A5 )

6. For the above-described conviction, CRUMBLE spent four months in prison in the Michigan Department of Corrections. Therefore, there is probable cause that CRUMBLE knew he was convicted of a felony offense punishable by more than one year of imprisonment prior to the following offense date of October 11, 2021.

**Probable Cause**

7. On October 11, 2021, Michigan State Police (MSP) Troopers from the Metro South Post were on patrol in the city of Inkster, Michigan. Troopers observed a red Ford Explorer, bearing Michigan license plate EFRxxxx. A check of law enforcement databases returned that the registered owner of EFRxxxx was T. C., who had a suspended driver's license, and that the vehicle was driven in the absence of automobile insurance.

8. Using their fully marked patrol vehicle, MSP Troopers initiated a traffic stop of the vehicle. Troopers spoke with the driver, who identified himself as

T.C. and stated that he was the owner of the vehicle. A second Trooper spoke with the lone passenger, who identified himself as Christopher Andre CRUMBLE (Date of Birth XX/XX/1987) and was seated in the front passenger seat.

9. While asking T.C. for his driver's license, proof of insurance, and vehicle registration, MSP Troopers noticed an empty black holster partially exposed and sticking out from underneath the front driver's seat. MSP Troopers then instructed T.C. and CRUMBLE to exit the vehicle.

10. MSP Troopers asked T.C. if there was anything in the vehicle they should know about. T.C. responded, "No." MSP Troopers took T.C. back to the vehicle and showed him the empty holster. T.C. then verbally consented to a search of his vehicle.

11. While searching the front passenger's side of the vehicle, troopers noticed a "bulge" under the floorboard carpet. Troopers pulled back the carpet, exposing a black semi-automatic handgun. Troopers recovered the handgun, which was a black Ruger SR40 .40 caliber firearm, loaded with one live round of ammunition in the chamber. A photograph from the search, including the recovered firearm, is depicted below:



12. CRUMBLE stated that he and T.C. had left the Valero gas station, located on Middlebelt Road in Inkster, Michigan and were in route to T.C.'s sister's house prior to being stopped. When troopers questioned CRUMBLE about the firearm in the vehicle, he said it belonged to T.C. CRUMBLE said that when he and T.C. arrived at the Valero gas station, T.C. became "nervous" when he saw the Trooper's patrol car. According to CRUMBLE, T.C. took the gun from his lap, handed it to CRUMBLE, and asked CRUMBLE to hide in the passenger floorboard area. CRUMBLE said that he then hid the firearm near the passenger floorboard area.

13. During a subsequent interview with MSP Detectives, CRUMBLE was read his *Miranda* rights and agreed to talk with law enforcement without a lawyer present. CRUMBLE again stated that the firearm police located in the vehicle did not belong to him, and that the driver, T.C., had handed it to him during the traffic stop and had told him where to stash it.

14. CRUMBLE further stated that his pink and white iPhone cellular telephone ("iPhone") would contain photographs he had taken of himself posturing with the same firearm taken earlier that day. He also said that his fingerprints would be on the recovered firearm. CRUMBLE acknowledged that he is a convicted felon and is not allowed to be in possession of a firearm or ammunition. He also acknowledged knowing that T.C. is a convicted felon who carries guns at times.

15. During that same interview, CRUMBLE consented in writing to a brief manual review of his iPhone. Detectives then reviewed CRUMBLE's iPhone and located photographs that depict CRUMBLE posturing with the recovered firearm, as well as a video of CRUMBLE with the firearm.

## Review of CRUMBLES Electronic Device

16. On October 29, 2021, law enforcement obtained a search warrant in the Eastern District of Michigan (2.21-mc-51317) to perform a forensic digital extraction of CRUMBLE'S iPhone. Located on the iPhone were numerous

5

photographs depicting CRUMBLE posturing with the recovered firearm, along with a video of CRUMBLE pointing the gun at camera and uttering, "armed robbery."

17. I have reviewed photographs from CRUMBLE'S iPhone, as well as photographs taken of T.C.'s vehicle and of the firearm recovered in this case, and I have noted several similarities in them. For example, the color and pattern of the seats and the color of the door jamb visible in the photographs from CRUMBLE'S iPhone are consistent with the seats and color of T.C.'s Ford Explorer. Therefore, I believe that photographs taken by CRUMBLE were taken in the same vehicle he stopped in by MSP Troopers.

18. Furthermore, photographs of the firearm from CRUMBLE'S iPhone show similar characteristics—including the grip, scratches, and marks on firearm—to the firearm that was recovered in this case. Thus, I believe that the firearm in the photographs on CRUMBLE'S iPhone is the same as the one recovered in this case. In addition, CRUMBLE previously admitted in an interview with MSP Detectives that he had postured with the recovered firearm earlier on October 11, 2021. Photographs from CRUMBLE'S iPhone are included below:





7



19. On October 29, 2021, ATF Special Agent Joshua M. McLean, an expert in the interstate nexus of firearms, advised me that based on information provided by law enforcement for the referenced firearm that it is a firearm as defined under 18 U.S.C. § 921 and was manufactured outside the state of Michigan and therefore traveled in and affected interstate commerce.

## Conclusion

20. Based on the above information, probable cause exists to believe that CRUMBLE, a previously convicted felon, knowing that he was previously convicted of an offense punishable by more than one year of imprisonment, knowingly possessed firearms, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Paul J. Staso, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Jonathan J.C. Grey
United States Magistrate Judge

Date: November 19, 2021